# IN THE SUPREME COURT, STATE OF WYOMING

## 2026 WY 82

### APRIL TERM, A.D. 2026

### July 16, 2026

WILLIAM GORDON LACHER,

Appellant
(Plaintiff),

v.

TERRY CASE; CASE CONCRETE,
LLC; and CASE CONSTRUCTION,

Appellees
(Defendants).

S-26-0005

*Appeal from the District Court of Sweetwater County*
*The Honorable Suzannah G. Robinson, Judge*

*Representing Appellant:*
    Jason C. Gay, Green River, Wyoming. Argument by Mr. Gay.

*Representing Appellee:*
    Nathan W. Jeppsen, Rock Springs, Wyoming. Argument by Mr. Jeppsen.

*Before BOOMGAARDEN, C.J., and GRAY, FENN, JAROSH, and HILL, JJ.*

NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.

**BOOMGAARDEN, Chief Justice.**

[¶1]    William Gordon Lacher hired Terry Case of Case Concrete LLC and Case Construction (collectively Mr. Case) to construct a wheelchair ramp and covered addition connected to his home (the Project). After multiple delays and concerns with work quality, Mr. Lacher sued Mr. Case for breach of contract and other related causes of action. Mr. Case timely filed a motion in limine, requesting the district court exclude any evidence of Mr. Lacher's damages due to his failure to disclose any damages calculations before trial. The court granted Mr. Case's motion in limine in part. After a bench trial, the court determined the parties' oral contract was unenforceable due to indefinite contract terms. The court also concluded it lacked sufficient evidence to award damages. Mr. Lacher appeals the court's 1) partial grant of Mr. Case's motion in limine, 2) conclusion the oral contract was unenforceable, and 3) conclusion regarding the lack of sufficient evidence to award damages. We affirm the court's partial grant of the motion in limine and finding of insufficient evidence to award damages. Because Mr. Lacher failed to present sufficient evidence of contract damages, we need not address enforceability of the oral contract.

## ISSUES

[¶2]    We restate the dispositive issues as:

1. Whether Mr. Lacher's failure to make an offer of proof precludes meaningful review of the district court's partial grant of Mr. Case's motion in limine.

2. Whether the district court's factual finding concerning Mr. Lacher's lack of damages was clearly erroneous.

## FACTS

[¶3]    In February 2022, Mr. Case agreed to construct a wheelchair ramp and an enclosed porch, or partial addition, at Mr. Lacher's home in Green River, Wyoming. Mr. Lacher's wife's occasional use of a walker and wheelchair necessitated the ramp. The parties never signed a contract and Mr. Case did not provide a quote; instead the parties exchanged texts discussing the Project's scope. Mr. Case began construction in spring 2022. Between March and September 2022, Mr. Lacher paid Mr. Case a total of $73,000.00 for the Project, including $30,000.00 for siding.

[¶4]    In August 2022, the Green River Building Official drove by Mr. Lacher's home and noticed new construction. Upon checking permits, the Building Official found no permits issued for the Project, and issued a stop work notice. Mr. Case obtained an enclosed porch permit shortly thereafter.

1

[¶5]    In March 2023, Green River officials inspected the Project. Though the inspection notice contained a box checked "Inspection Passed," it included a narrative stating the materials used did not comply with the IRC,[1] and an engineer would need to provide a letter of compliance before work could continue. Mr. Case retained an engineer to perform an inspection on the foundation wall and trusses in April 2023 but did not request the inspection letter until April 2024. The engineer's letter recommended fixes to the trusses to improve structural integrity. Mr. Case testified he completed those fixes in spring 2023.

[¶6]    By mid-2023, the Project was not complete. In October 2023, while waiting to complete the siding, Mr. Case told Mr. Lacher he was out of money, had been trying to complete other jobs to catch up on funds, and just needed money to order the siding to complete to Project. In response to Mr. Lacher's follow-up text regarding the $30,000.00 he previously paid for siding, Mr. Case estimated he received approximately $60,000.00 for the Project and offered to perform the labor at no charge if Mr. Lacher paid for the siding. Mr. Case performed no additional work after this text exchange. He did not put siding on the home or deliver siding to Mr. Lacher. Green River did not issue a certificate of compliance by trial, but Mr. Lacher and his wife continued to live at the home during trial.

### Breach of Contract Litigation

[¶7]    In April 2024, Mr. Lacher sued Mr. Case for breach of contract, negligence, unjust enrichment,[2] and breach of warranty. Mr. Lacher designated a retained engineering expert to testify about engineering standards. His expert designation listed two additional, unretained experts who would testify about the repairs required to fix Mr. Case's work to comply with Green River's standards. In December 2024, Mr. Lacher served his initial disclosures. Mr. Lacher's initial disclosures stated "[d]amages include loss of revenue, damages to the building and continuing damage to the building, Plaintiff is still computing damages and will supplement this disclosure when such computation is received." Mr. Lacher never supplemented his initial disclosures.

[¶8]    When Mr. Case's counsel deposed Mr. Lacher shortly after the discovery cutoff, Mr. Lacher did not provide a claimed damages figure. Consequently, counsel for Mr. Case emailed counsel for Mr. Lacher and asked if there were "any documents *that*

---

[1] The "IRC" is the International Residential Code which addresses design and construction of single-family dwellings. *The International Residential Code*, International Code Council, https://www.iccsafe.org/products-and-services/i-codes/2018-i-codes/irc/ (last visited Jul. 6, 2026).

[2] During the bench trial, Mr. Lacher voluntarily dismissed his unjust enrichment claim.

[*Mr. Lacher has*] *produced already* that show [Mr.] Lacher's damages?" (emphasis in original) Mr. Lacher's counsel responded he

> will have an estimate for the work to be completed. You have received the history of payment, the draft engineer's report, and the summary from [a non-retained expert]. [These] outline Mr. Lacher's costs as well as the work that will need to be done to finish the work Mr. Case never completed and correct the defects in the work that was done.

[¶9]  Mr. Case included a motion in limine in his pretrial memo requesting the district court exclude evidence "of any dollar computation of damages or dollar value of damages" due to Mr. Lacher's failure to disclose any damages values. For the first time in his pretrial memorandum, Mr. Lacher claimed breach of contract damages totaling $73,000.00—the amount he paid Mr. Case for the Project work.

[¶10]  After the pretrial conference, the district court took Mr. Case's motion in limine under advisement. In a subsequent order, the court recognized the detrimental effect excluding damages evidence would have on Mr. Lacher's claims, and again took the motion under advisement, informing counsel it would hear further argument the first day of trial and render a verbal ruling then.

[¶11]  On the first day of trial when addressing Mr. Case's pending motion in limine, Mr. Lacher argued his complaint made clear he sought to recover the entire contract amount because none of the work was salvageable. The district court granted Mr. Case's motion in limine and noted the ruling could "hamstring" Mr. Lacher's case. It also permitted Mr. Lacher to file a motion to reconsider and continued the bench trial.

[¶12]  Mr. Lacher filed a motion to reconsider, arguing the cases the district court relied on were distinguishable from his case. The court granted Mr. Lacher's motion to reconsider in part, determining Mr. Lacher's discovery violation was harmless because the bench trial continuance gave Mr. Case additional time to prepare his response to Mr. Lacher's alleged damages. The court permitted Mr. Lacher to present previously disclosed evidence supporting his theory damages were equal to the contract amount but did not modify its conclusion Mr. Lacher could not present any damages evidence not disclosed prior to the original trial date.

*Bench Trial*

[¶13]  At the continued bench trial, Mr. Lacher did not call his retained expert. The only non-party witnesses who testified were 1) the Green River Building Official who testified regarding the Project's code violations and 2) Mr. Case's designated engineering expert

3

who testified about the adequacy of the Project as built and the adjustments required to meet code.

[¶14] The district court issued its findings of fact and conclusions of law and determined: 1) Mr. Lacher did not prove by a preponderance of the evidence the parties' oral contract was enforceable; 2) Mr. Case breached his duty of reasonable care by not constructing the ramp in workmanlike manner due its slope; 3) Mr. Case did not perform the work in a diligent manner and therefore breached his duty of warranty; and 4) though Mr. Lacher was damaged, he failed to establish the value or calculation of his damages by a preponderance of the evidence. The court later entered judgment in favor of Mr. Case and dismissed all claims brought by Mr. Lacher against Mr. Case.

[¶15] Mr. Lacher timely appealed, challenging the district court's partial grant of Mr. Case's motion in limine, its contract enforceability finding, and its finding Mr. Lacher failed to prove damages.

## DISCUSSION

### I.    Mr. Lacher's failure to make an offer of proof precludes meaningful review of the district court's partial grant of Mr. Case's motion in limine.

[¶16]  "The purpose of a motion in limine is to obtain the court's pretrial ruling on the admissibility of evidence." *Elsner v. Campbell Cnty. Hosp. Dist.*, 2025 WY 37, ¶ 75, 566 P.3d 894, 914 (Wyo. 2025) (quoting *Three Way, Inc. v. Burton Enters., Inc.*, 2008 WY 18, ¶ 18, 177 P.3d 219, 225 (Wyo. 2008)). "[T]he question of whether or not to grant a motion in limine is left to the sound discretion of the district court." *Elsner*, 2025 WY 37, ¶ 75, 566 P.3d at 914 (quoting *Three Way, Inc.*, 2008 WY 18, ¶ 18, 177 P.3d at 225). "A trial court's rulings on the admissibility of evidence are entitled to considerable deference, and, as long as there exists a legitimate basis for the trial court's ruling, that ruling will not be disturbed on appeal." *Int. of AC*, 2026 WY 65, ¶ 9, 590 P.3d 1235, 1238 (Wyo. 2026) (quoting *Interest of AM*, 2021 WY 119, ¶ 17, 497 P.3d 914, 920 (Wyo. 2021)). "We need only determine whether the court could have reasonably concluded as it did." *AC*, 2026 WY 65, ¶ 9, 590 P.3d at 1238 (quoting *Boyer v. State*, 2025 WY 100, ¶ 25, 576 P.3d 30, 38 (Wyo. 2025)).

[¶17]  Importantly, "error based on a trial court's ruling to exclude evidence cannot be raised unless the party makes an offer of proof in the trial court as to the substance of excluded evidence." *Parker v. Cook*, 2022 WY 3, ¶ 9, 501 P.3d 1253, 1256 (Wyo. 2022); Wyo. R. Evid. 103(a)(2) ("Error may not be predicated upon a ruling which . . . excludes evidence unless a substantial right of the party is affected, and . . . the substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked."). Without an offer of proof, we "'will have a difficult time evaluating the propriety and effect' of the trial court's ruling and determining whether

4

there was error." *Parker*, 2022 WY 3, ¶ 9, 501 P.3d at 1256 (quoting *Contreras v. Carbon Cnty. Sch. Dist. No. 1*, 843 P.2d 589, 596 (Wyo. 1992)).

[¶18]   The district court partially granted Mr. Case's motion in limine and excluded non-disclosed damages evidence. But its partial grant of the motion in limine resulted in no exclusion of evidence because Mr. Lacher did not make any offers of proof at trial.[3] The court therefore had no proffered evidence to consider, nor do we have any excluded evidence to review. *Silva*, 2012 WY 37, ¶ 21, 271 P.3d at 450 ("Appellant's decision not to give an offer of proof stripped the district court's ability to reconsider its exclusion of evidence at an appropriate time during trial, and it now inhibits meaningful appellate review of the district court's action.").

[¶19]   With no excluded evidence to review, we cannot determine whether the exclusion of any alternative damages evidence would have affected Mr. Lacher's substantial rights and whether that evidence would have been relevant and admissible. *See* Wyo. R. Evid. 103(a)(2). Mr. Lacher's "omission to make an offer of proof must result in a waiver of his ability to attribute error to the district court." *Silva*, 2012 WY 37, ¶ 21, 271 P.3d at 450. Consequently, we cannot conclude the district court improperly excluded non-disclosed damages evidence under its partial grant of Mr. Case's motion in limine. By failing to make an offer of proof, Mr. Lacher did not properly preserve this issue for our review.

## II.      *The district court's finding Mr. Lacher failed to prove his damages by a preponderance of the evidence was not clearly erroneous.*

[¶20]   We apply the Restatement (Second) of Contracts § 348 to determine contract damages. *Legacy Builders, LLC v. Andrews*, 2014 WY 103, ¶ 18, 335 P.3d 1063, 1068 (Wyo. 2014). Subsection (2) of that section governs construction contract damages:

> (2) If a breach results in defective or unfinished construction and the loss in value to the injured party is not proved with sufficient certainty, he may recover damages based on
>> (a) the diminution in the market price of the property caused by the breach, or

---

[3] To the extent Mr. Lacher suggests he could not proffer any non-disclosed damages evidence at trial, he incorrectly interprets the requirements of Wyo. R. Evid. 103(a)(2). *See Bloomfield v. State*, 2010 WY 97, ¶ 23, 234 P.3d 366, 375 (Wyo. 2010) ("[T]here is only one prudent way for an offer of proof to be made at trial. The attorney who seeks to offer evidence, which has been refused or to which an objection has been upheld, should take the initiative.") (quoting *Rudolph v. State*, 829 P.2d 269, 275 (Wyo. 1992)); *Silva v. State*, 2012 WY 37, ¶ 20, 271 P.3d 443, 450 (Wyo. 2012) (noting appellant had to make a timely showing a substantial right was affected by the exclusion of evidence *and* the trial court knew the substance of the evidence to comply with Wyo. R. Evid. 103(a)(2)).

5

(b) the reasonable cost of completing performance or of remedying the defects if that cost is not clearly disproportionate to the probable loss in value to him.

Restatement (Second) of Contracts § 348.

[¶21] The district court, considering Restatement (Second) of Contracts § 348(2), made express findings of fact and conclusions of law after the bench trial. We review the court's post-bench trial ruling under the following standard:

> The factual findings of a judge are not entitled to the limited review afforded a jury verdict. While the findings are presumptively correct, the appellate court may examine all of the properly admissible evidence in the record. Due regard is given to the opportunity of the trial judge to assess the credibility of the witnesses, and our review does not entail reweighing disputed evidence. Findings of fact will not be set aside unless they are clearly erroneous. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. In considering a trial court's factual findings, we assume that the evidence of the prevailing party below is true and give that party every reasonable inference that can fairly and reasonably be drawn from it. We do not substitute ourselves for the trial court as a finder of facts; instead, we defer to those findings unless they are unsupported by the record or erroneous as a matter of law. The district court's conclusions of law are reviewed de novo.

*Anderson v. Messinger*, 2026 WY 42, ¶ 28, 587 P.3d 519, 527–28 (Wyo. 2026) (quoting *Leeks Canyon Ranch, LLC v. Jackson Hole Hereford Ranch, LLC*, 2025 WY 63, ¶ 31, 569 P.3d 1120, 1130 (Wyo. 2025)). "Damages are factual findings which we do not reverse unless they are clearly erroneous." *Holloway v. Hidden Creek Outfitters, LLC*, 2025 WY 59, ¶ 18, 569 P.3d 756, 760 (Wyo. 2025) (quoting *Ruby Drilling Co., Inc. v. Duncan Oil Co., Inc.*, 2002 WY 85, ¶ 29, 47 P.3d 964, 973 (Wyo. 2002)).

[¶22] "The plaintiff has the burden of producing sufficient evidence to prove his damages." *Knight v. TCB Const. & Design, LLC*, 2011 WY 27, ¶ 17, 248 P.3d 178, 184 (Wyo. 2011) (quoting *Capshaw v. Schieck*, 2002 WY 54, ¶ 10, 44 P.3d 47, 52 (Wyo. 2002)). Damages "must be proven with a reasonable degree of certainty, but proof of exact damages is not required." *Holloway*, 2025 WY 59, ¶ 18, 569 P.3d at 760 (quoting *Robinson v. Black*, 2025 WY 25, ¶ 20, 564 P.3d 1030, 1037 (Wyo. 2025)). Neither

speculation nor conjecture may justify a proper damages award. *Holloway*, 2025 WY 59, ¶ 18, 569 P.3d at 760. "[W]hile the plaintiff has the burden of proving damages at trial, it is the defendant's burden to challenge the reasonableness or disproportionality of the plaintiff's method and, where appropriate, to present evidence supporting an alternative measure of damages." *Legacy Builders*, 2014 WY 103, ¶ 28, 335 P.3d at 1070.

[¶23]  Mr. Lacher argues he suffered $73,000.00 in damages: the total amount he paid to Mr. Case for the Project. The district court found Mr. Lacher was damaged but he failed to present evidence about diminution in the value of his home during or after the Project. It also found he failed to present evidence regarding the reasonable cost of completing the Project or remedying Project defects. The court finally found "[n]o credible evidence was presented that the entire Project would have to be torn down and rebuilt" and it was "unable to make such an assumption based solely on [Green River] having not issued a certificate of occupancy at the time of trial." We review these conclusions with the presumption the "evidence of the prevailing party below is true and give that party every reasonable inference that can fairly and reasonably be drawn from it" and we defer to the court's findings "unless they are unsupported by the record or erroneous as a matter of law." *Messinger*, 2026 WY 42, ¶ 28, 587 P.3d at 527–28 (quoting *Leeks Canyon*, 2025 WY 63, ¶ 31, 569 P.3d at 1130).

[¶24]  Mr. Lacher asserts Mr. Case "chose not to give evidence as pertains to damages." But this misconstrues the evidentiary burden in breach of contract cases. While the damages burden can shift to the breaching party, the non-breaching party first must meet its burden of proving damages at trial. *Legacy Builders*, 2014 WY 103, ¶¶ 27–28, 335 P.3d at 1070; *see also Crouch v. Cooper*, 2024 WY 98, ¶ 35, 556 P.3d 199, 210 (Wyo. 2024) (determining plaintiff met its initial burden of proving damages and therefore the burden was on defendants to assert mitigation or reduction of damages evidence). Mr. Lacher only presented evidence of the amount he paid to Mr. Case for the Project. As a result, his sole damage theory demands the conclusion the entire Project must be removed and the cost of a new Project would be the agreement price. The district court found it could not presume demolition and reconstruction was Mr. Lacher's sole remedy. Therefore, Mr. Lacher's damages burden never shifted to Mr. Case.

[¶25]  The record is unclear about the classification of the Project as an "addition" or as a "covered porch." Under Green River code, these classifications have different structural requirements related to foundation depth and reinforcement.[4] The Building Official testified he was unsure whether the poured foundation met Green River code

---

[4] Mr. Lacher testified the Project was an addition with an entryway, storage area, and ramp. According to Mr. Case, the Project was a covered, enclosed porch with a handicap ramp and steps. Early in the Project, Mr. Case texted Mr. Lacher, stating they would need to call the Project a covered porch rather than an addition. Mr. Lacher responded "okay," and testified he believed Mr. Case used the covered porch classification with Green River and he "wasn't getting involved with none of the city stuff."

requirements. He also testified the Project, if classified as an "addition" would not meet code, but if classified as a "covered porch," the Project would meet code. He further testified the truss concerns could be resolved without their removal. In addition, after the Building Official identified truss concerns, the parties exchanged texts regarding planned repairs to the trusses. Finally, the Building Official testified the wheelchair ramp was too steep to meet code but was not sure if the ramp was within the range permitted when ramp location prevents extension of the ramp to ease the slope.

[¶26] Mr. Case's expert engineer testified the foundation extended an adequate depth below ground, but he did not know if it contained the necessary rebar for an "addition" foundation. Mr. Lacher's only evidence in this regard speculated as to the existence of rebar in the foundation. He presented no evidence substantiating his assertion the ramp must be removed and replaced. Because the record shows Mr. Lacher did not demonstrate the Project required wholesale removal and replacement, the district court did not err when it found the contract price was not an accurate measure of Mr. Lacher's damages. As a result, he failed to prove his damages with sufficient clarity. *Holloway*, 2025 WY 59, ¶ 18, 569 P.3d at 760. The court's evidentiary finding was therefore not clearly erroneous.

## *CONCLUSION*

[¶27] Because the district court's partial grant of Mr. Case's motion in limine did not result in the exclusion of any proffered evidence, we cannot meaningfully review the district court's partial grant of that motion. We conclude the court's finding Mr. Lacher failed to prove his damages by a preponderance of the evidence was not clearly erroneous. Because we reach this conclusion, we do not address the enforceability of the parties' oral contract.

[¶28] Affirmed.

8